## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

THEODORE SCOTT, JR.                      :

    Petitioner                          :

    v                                   :        Civil Action No. JFM-06-1407

PATRICIA JESSAMY                         :

    Respondent                          :

o0o

### MEMORANDUM

Pursuant to this court's order of June 22, 2006, respondent has filed an answer to the above-captioned petition for writ of habeas corpus.  Paper No. 9.  Respondent asserts, and provides documentation in support thereof, that the petition must be dismissed because petitioner has not exhausted available state remedies.  *Id.*  After review of these papers, the court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6;  *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner is not necessarily entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons that follow, the petition shall be dismissed without prejudice.

On September 7, 2005, petitioner pled guilty to one count of second degree assault in the Circuit Court for Baltimore City, Maryland.  Paper No. 9 at Ex. 1 and 2.  Petitioner was sentenced to serve eight years in prison, but seven years were suspended and petitioner was placed on three years of supervised probation.  *Id.*  No appeal followed the guilty plea proceeding, making petitioner's conviction final, for purposes of federal habeas corpus review, on October 7, 2005,[1] when the time for filing an appeal expired.  Petitioner has not yet availed himself of any post-

_____

[1] The deadline for petitioner's federal habeas petition is October 7, 2006.  The time for filing a federal habeas petition is tolled, however, while a properly filed post-conviction petition is pending.  *See* 28 U.S.C. §2244(d).

conviction remedies available under Maryland law.  *Id.*

Before a petition for federal habeas corpus relief under 28 U.S.C. § 2254 may be considered, petitioner must exhaust each claim presented to the federal court by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U. S. 509, 521 (1982).   Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001).    This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See* 28 U.S.C. § 2254(b) and (c).   In Maryland, this may be accomplished by proceeding with certain claims on direct appeal (and thereafter seeking *certiorari* to the Court of Appeals), and with other claims by way of  a post-conviction petition, followed by seeking leave to appeal in the Court of Special Appeals.  In the instant case, petitioner no longer has an appeal available to him, but may raise the claims asserted in a post-conviction petition.[2]

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court where the conviction took place, and if unsuccessful there in an application for leave to appeal to the Court of Special Appeals.  *See* Md. Crim. Proc. Code Ann. §7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  Md. Cts. & Jud. Proc. Code Ann., §12-202.  However, if the application is granted but relief on the merits of the claim is denied, petitioner must file a petition for writ of certiorari to the Court of Appeals.  *See Williams*, *supra*.  As it is clear that none of the claims raised in the instant petition for writ of habeas corpus have been properly exhausted in the state courts, the petition will

---

[2] The court reaches no decision regarding the merits of petitioner's claims.

be dismissed without prejudice by separate order which follows.


August 22, 2006                                    /s/_____
Date                                               J. Frederick Motz
                                                   United States District Judge